IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MITCHELL L. COPELAND and                                    PLAINTIFFS
TERRY POTTS f/k/a TERRY POTTS
COPELAND

v.                                                    Civil No. 1:16cv159-HSO-JCG

THE AXION MORTGAGE GROUP LLC; U.S.                          DEFENDANTS
BANK, NATIONAL ASSOCIATION, as
successor to BANK OF AMERICA,
NATIONAL ASSOCIATION, as trustee and
successor by merger to LASALLE BANK
NATIONAL ASSOCIATION, as Trustee for
Certificateholders of Bear Stearns Asset
Backed Securities 1 LLC; BANK OF
AMERICA CORPORATION; BEAR STEARNS
COMPANIES LLC f/d/b/a THE BEAR
STEARNS COMPANIES, INC. and d/b/a
BEAR STEARNS RESIDENTIAL MORTGAGE
CORPORATION; BLACK KNIGHT
FINANCIAL SERVICES f/k/a LENDER
PROCESSING SERVICES; EMC MORTGAGE
LLC f/d/b/a EMC MORTGAGE
CORPORATION; EMC MORTGAGE
CORPORATION; JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION; JPMORGAN
CHASE & COMPANY; J.P. MORGAN
SECURITIES LLC f/k/a J.P. MORGAN
SECURITIES, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; MERSCORP HOLDINGS, INC.;
PERFORMANCE CREDIT CORP. f/k/a
ENCORE CREDIT CORP., a subsidiary of
BEAR STEARNS RESIDENTIAL MORTGAGE
CORP., SELECT PORTFOLIO SERVICING,
INC.; U.S. BANK NATIONAL ASSOCIATION;
ERIC GREGORE and JOHN DOES 1-20 and
ABC CORPORATIONS 1-20

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS'
MOTION [31] TO REMAND; GRANTING IN PART AND DENYING IN PART
THE MOTION [27] FOR JUDGMENT ON THE PLEADINGS FILED BY
DEFENDANTS U.S. BANK, SPS, MERS, AND MERSCORP; GRANTING
PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT; AND
DENYING WITHOUT PREJUDICE DEFENDANT EMC'S MOTION [16] FOR
JUDGMENT ON THE PLEADINGS**

BEFORE THE COURT are three Motions: 1) a Motion [31] to Remand filed
by Plaintiffs Mitchell Copeland and Terry Potts (collectively, "Plaintiffs"); 2) a
Motion [27] for Judgment on the Pleadings filed by Defendants U.S. Bank National
Association, as successor to Bank of America, National Association, as trustee and
successor by merger to Lasalle Bank National Association as trustee for certificate
holders of Bear Stearns Asset Backed Securities I LLC ("U.S. Bank"), Select
Portfolio Servicing, Inc. ("SPS"), Mortgage Electronic Registration System, Inc.
("MERS"), and MERSCORP Holdings, Inc. ("MERSCORP"); and 3) a Motion [16] for
Judgment on the Pleadings filed by Defendant EMC Mortgage, LLC ("EMC").

The Court finds that Plaintiffs have stated a federal claim under the Real
Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 (Compl. [1-1], at 33),
such that removal was proper and this Court has federal question jurisdiction
pursuant to 28 U.S.C. § 1331.  The Court will, therefore, deny Plaintiffs' Motion to
Remand [31].

Next, the Court finds persuasive the argument set forth in the Motion [27]
for Judgment on the Pleadings filed by Defendants U.S. Bank, SPS, MERS, and
MERSCORP, that Plaintiffs' Complaint is subject to dismissal because, as it is
currently pled, it constitutes a "shotgun pleading."  Accordingly, the Court will

grant the Motion [27] in this respect, but allow Plaintiffs an opportunity to file an Amended Complaint that addresses the individual conduct of each Defendant and the claims being raised as to each.  If Plaintiffs fail to do so, the Amended Complaint as currently pled may be dismissed.  To the extent this Motion [27] addresses Plaintiffs' claims on the merits, the Motion will be denied in part, without prejudice to Defendants' right to reassert these same arguments in response to any newly filed Amended Complaint.

Finally, the Court has read and considered the arguments raised in Defendant EMC's Motion [16] for Judgment on the Pleadings.  However, because Plaintiffs will now have the opportunity to file an Amended Complaint, many if not all of these issues are rendered moot or would be more appropriately addressed by the Court after an Amended Complaint has been filed.  Defendant EMC's Motion [16] will be denied without prejudice at this juncture.

## I.  BACKGROUND

### A.  Factual Background

Plaintiffs Mitchell Copeland and Terry Potts (formerly known as Terry Potts Copeland) were married in 2002.  In July 2005, Plaintiff Mitchell Copeland obtained a loan on the couple's home in Gautier, Mississippi.  Compl. [1-1], at 15.  Plaintiffs allege that Mitchell signed the deed of trust, but his former wife's name was listed on the signature page and his wife at the time, Plaintiff Terry Potts Copeland, did not sign the loan.  *Id.* at 16–17.  Mitchell was allegedly told that the loan would not be submitted without Terry's signature, but Terry's signature was later allegedly

3

forged on the loan documents and the loan was submitted. *Id.* Mitchell claims that he would not have executed the note unless Terry had signed and agreed to be financially responsible for the debt. *Id.*

The couple divorced on May 28, 2010. *Id.* at 21. Terry received the marital home in the divorce proceedings. *Id.* Plaintiffs allege that when Terry discovered that her signature had been forged on the loan documents, she attempted to raise the issue with the servicers of the loan, but "Defendants" took no action to assist her. *Id.* at 21–22. Potts alleges that in 2015, she discovered that agents or representatives of an unspecified Defendant were responsible for the forgery. *Id.* at 24.

Plaintiffs contend that in addition to incurring monetary damages, they have suffered emotional distress and damage to their reputations and credit ratings as a result of wrongful foreclosure proceedings and a criminal investigation against Mitchell Copeland because of the forged documents. *Id.* at 25.

B.    Procedural History

Plaintiffs filed suit in the Chancery Court of Jackson County, Mississippi, on February 26, 2016, naming sixteen identified Defendants:

1)    The Axion Mortgage Group LLC;
2)    U.S. Bank, National Association, as successor to Bank of America, National Association, as trustee and successor by merger to Lasalle Bank National Asociation, as trustee for certificate holders of Bear Stearns Asset Backed Securities I LLC;
3)    Bank of America Corporation;
4)    Bear Stearns Companies LLC formerly doing business as The Bear Stearns Companies, Inc. doing business as Bear Stearns Residential Mortgage Corporation;

5)   Black Knight Financial Services;
6)   EMC Mortgage LLC formerly doing business as EMC Mortgage Corporation;
7)   EMC Mortgage Corporation;
8)   JPMorgan Chase Bank, National Association;
9)   JPMorgan Chase & Company;
10)  J.P. Morgan Securities LLC formerly known as J.P. Morgan Securities, Inc.;
11)  Mortgage Electronic Registration Systems, Inc.;
12)  Merscorp Holdings, Inc.;
13)  Performance Credit Corp. formerly known as Encore Credit Corp., a subsidiary of Bear Stearns Residential Mortgage Corp.;
14)  Select Portfolio Servicing, Inc.;
15)  U.S. Bank National Association; and
16)  Eric Gregore.

Compl. [1-1].  Plaintiffs also included, as fictitious defendants, John Does 1–20, and ABC Corporations 1–20.  *Id.*

The Complaint asserted nine[1] causes of action against "Defendants" generally and collectively without distinguishing which claims are being asserted against which Defendant or alleging which facts support which claims against a particular Defendant:

1)   Injunctive relief from threatened foreclosure;
2)   Breach of implied covenant of good faith and fair dealing;
3)   Breach of fiduciary duty;
4)   Negligence and gross negligence;
5)   Damage to credit rating;
6)   Intentional infliction of emotional distress;
7)   Condonation of fraud;
8)   Constant and Continuous fraud; and
9)   Violation of the Real Estate Settlement Procedures Act, RESPA, 12 U.S.C. § 2605.

---

[1] In the Complaint [1-1], numbers 6–8 of the causes of action are listed separately but each with the heading "COUNT SIX:" repeated before the claim.

5

Compl. [1-1], at 26–33.

On May 11, 2016, Defendant EMC removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 due to Plaintiffs' RESPA claim. Not. Removal [1], at 3–4. Alternatively, EMC stated that the Court had jurisdiction because Plaintiffs' "damage to credit rating" claim was preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681A(b)(1)(f). EMC further asserted that diversity jurisdiction was present pursuant to 28 U.S.C. § 1332 based on Plaintiffs' purported fraudulent joinder of Mississippi residents Axion Mortgage Group, LLC, and Eric Gregore as Defendants.

Defendants EMC and Defendants U.S. Bank, SPS, MERS, and MERSCORP have filed Motions for Judgment on the Pleadings, *see* EMC Mot. [16] & U.S. Bank SPS, MERS, & MERSCORP Mot. [27], and Plaintiffs have filed a Motion [31] to Remand to State Court.

## II. DISCUSSION

A.    Plaintiffs' Motion to Remand

1.    Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (internal quotation omitted). Under 28 U.S.C. § 1331, federal district courts are granted jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. A suit arises under federal law only when a

plaintiff's statement of his own cause of action in the complaint shows that the action is based upon federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under the well-pleaded Complaint rule, "unless *the plaintiff's* complaint establishes that the case arises under federal law," a defendant may not remove a case to federal court based on federal question jurisdiction. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10 (1983) (emphasis in original). When federal question jurisdiction is present, and a federal claim has been joined with one or more "claims not within the original or supplemental jurisdiction of the district court . . . , the entire action may be removed." 28 U.S.C. § 1441(c).

2.   <u>Federal question jurisdiction exists based on Plaintiffs' RESPA claim.</u>

Plaintiffs' Complaint [1-1] clearly states a cause of action pursuant to RESPA, 12 U.S.C. § 2605. Compl. [1-1], at 34. RESPA claims are removable. *Westbrook v. Dream Makers Mortgage, Inc.*, No. 3:09cv607-HTW-LRA, 2011 WL 3876946, at *2–3 (S.D. Miss. Aug. 31, 2011); *Anderson v. CitiMortgage, Inc.*, No. 4:10cv398, 2010 WL 4929249, at *2 (E.D. Tex. Oct. 25, 2010); *Rivers Shorty v. Ocwen Loan Servicing, LLC*, No. CIV. A. 07-294, 2007 WL 837222, at *2–3 (E.D. La. Mar. 14, 2007). As such, federal question jurisdiction is present pursuant to 28 U.S.C. § 1331.

Because the face of Plaintiffs' Complaint shows that this action is based upon federal law, *see Vaden*, 556 U.S. at 59–61, this Court has jurisdiction over this case. Accordingly the Court does not find it necessary to address at this juncture

Defendants' arguments regarding the preemption of Plaintiffs' State-law credit rating claim or the possibility of diversity jurisdiction based on fraudulent joinder. Mem. Resp. [44], at 12–20.

B.    U.S. Bank, SPS, MERS, and MERSCORP's Motion [27] for Judgment on the Pleadings

       In addition to moving for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), Defendants U.S. Bank, SPS, MERS, and MERSCORP have raised the argument that Plaintiffs' Complaint [1-1] is a "shotgun pleading" subject to dismissal for failure to satisfy the requirements of Rule 8. *See* Mem. Supp. Mot. [28], at 3–5.

       1.    Legal Standard under Federal Rule of Civil Procedure 8

       Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  To meet this pleading standard and survive a motion to dismiss pursuant to Rule 12, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

       As opposed to the "short and plan statement" requirement contemplated by Rule 8, shotgun pleadings contain several counts within a complaint with each

8

count "'incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.'" *Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14cv132-DMB-JMV, 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015) (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)).  Another characteristic of shotgun pleadings is that they fail to distinguish between the actions of named defendants.  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (cited by *Griffin*, 2015 WL 4041657, at *5); *Sahlein v. Red Oak Capital, Inc.*, No. 3:13cv67-DMB-JMV, 2014 WL 3046477, at *4 (N.D. Miss. July 3, 2014) (dismissing a "shotgun pleading" when "numerous paragraphs in the complaint attribute discrete actions, such as the sending of a letter, or the public recording of a document, to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants").

The Fifth Circuit specifically discourages shotgun pleading "where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick.  *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986).  Shotgun pleadings are considered so objectionable, that they can even give rise to Rule 11 sanctions.  *See id.* ("If Rule 11 is to mean anything and we think it does, it must mean an end to such expeditionary pleadings."); *see also Pardue v. Jackson Cty., Miss.*, No. 1:14cv290-KS-MTP, 2016 WL 3024153 (S.D. Miss. May 25, 2016) (explaining why shotgun pleadings are objectionable); *Payne v.*

*Univ. of S. Miss.*, No. 1:12cv41-KS-MTP, 2015 WL 1482636, at *4 (S.D. Miss. Mar.

31, 2015) ("[S]anctions are an appropriate punishment for Plaintiff's counsel's

'shotgun approach to pleadings.'").

Shotgun complaints are subject to dismissal pursuant to Federal Rule of Civil

Procedure 12(b)(6).  *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27

(11th Cir. 2014) ("A defendant served with a shotgun complaint should move the

district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more

definite statement pursuant to Rule 12(e) on the ground that the complaint provides

it with insufficient notice to enable it to file an answer.").  If a plaintiff is given

leave to amend following such a dismissal, the plaintiff "should avoid lumping the

defendants together and should instead separately allege the scope of any duties

owed and conduct alleged to have breached those duties as to each defendant."

*Ware v. U.S. Bank Nat. Ass'n*, No. 3:13cv387-DPJ-FKB, 2013 WL 6805153, at *4

(S.D. Miss. Dec. 20, 2013).

    2.    <u>Plaintiffs' Complaint constitutes a shotgun pleading subject to</u>
<u>dismissal.</u>

Defendants argue that Plaintiffs' Complaint is a shotgun pleading because

Plaintiffs name 16 separate parties, as well as John Does 1-20 and ABC

Corporations 1-20, as Defendants, and "indiscriminately refer to alleged wrongdoing

committed by 'Defendants' without specifying which particular defendant did what."

Mem. Supp. Mot. [28], at 2.  In Response, Plaintiffs contend that

> due to the complexity of entities and corporate identities involved, and
> due to the similarity of actions of the named defendants, the counts have

been alleged in a manner that serves to put the defendants on notice of
the claims brought against them. . . . [and] [a]rguing the pleadings as
shotgun in nature ignores the inherent opacity of the identity of each
defendant.

Resp. [38], at 11.

Even though the Court acknowledges that Plaintiffs are dealing with complex

corporate identities such as these Defendants, this fact does not excuse Plaintiffs

from adherence to the Rule 8 and the *Twombly*/*Iqbal* pleading standards by

providing a "short and plain statement" showing why they are entitled to relief from

each Defendant.  As currently pled, the Court is unable to determine which

Defendants are being sued under which counts of the Complaint or what facts

support Plaintiffs' claims against each Defendant.  Moreover, Plaintiffs contend

that each of the named Defendants was acting as an agent or "alter-ego" for all

other Defendants and is responsible for the acts and omissions of all Defendants,

without providing any factual basis for how such agency or "alter-ego" relationships

existed.  Compl. [1-1], at 13–14.

Greater specificity in pleading is particularly necessary in this case, since it

appears that some of Plaintiffs' claims may be time-barred, given that the

purportedly fraudulent loan documents that form the core of this dispute were

executed in 2005.  Plaintiffs argue generally that a "continuing tort" has taken place

such that their claims are not time-barred.  *See* Resp. [38], at 5.  However, to state a

plausible claim for relief against each Defendant, further facts are necessary, such

as the dates and more facts as to the extent of each Defendants' purportedly
wrongful conduct.

Because the Court finds that the current Complaint reflects a shotgun
pleading, U.S. Bank, SPS, MERS, and MERSCORP's Motion [27] pursuant to Rule
12 will be granted in part.  Plaintiffs will, however, be granted leave to file an
Amended Complaint by August 26, 2016, and are cautioned that they "should avoid
lumping the defendants together and should instead separately allege the scope of
any duties owed and conduct alleged to have breached those duties as to each
defendant."  *See Ware*, 2013 WL 6805153, at *4.  Failure to comply with the Court's
direction may result in dismissal of this case.

## III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it
has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [31]
to Remand filed by Plaintiffs Mitchell Copeland and Terry Potts is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion [27] for
Judgment on the Pleadings filed by Defendants U.S. Bank National Association, as
successor to Bank of America, National Association, as trustee and successor by
merger to Lasalle Bank National Association as trustee for certificate holders of
Bear Stearns Asset Backed Securities I LLC, Select Portfolio Servicing, Inc.,
Mortgage Electronic Registration System, Inc., and MERSCORP Holdings, Inc. is
**GRANTED IN PART** in that the Court finds Plaintiffs' Complaint constitutes a

shotgun pleading that does not comport with Rules 8 or 12.  To the extent the Motion [27] addresses the merits of Plaintiffs' claims, it is **DENIED IN PART WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs shall be granted until **August 26, 2016**, to file an Amended Complaint alleging the purportedly wrongful conduct attributed to each Defendant and the individual claims asserted against each.  If Plaintiffs fail to file such an Amended Complaint by **August 26, 2016**, this case may be dismissed without further notice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion [16] for Judgment on the Pleadings filed by Defendant EMC Mortgage LLC is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 11th day of August, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

13